```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BALWAN SINGH HOODA,

                    Plaintiff,
         -against-                    MEMORANDUM AND DECISION
                                      10-CV-1966 (JS) (WDW)
BROOKHAVEN    NATIONAL    LABORATORY;
MICHAEL HOLLAND; BROOKHAVEN SCIENCE
ASSOCIATES LLC; MICHAEL BEBON, CAROLL
PARNELL, GEORGE GOODE, and ROBERT
LEE,

                    Defendants.
----------------------------------X
```

Appearances:
For Plaintiff:     Balwan Singh Hooda, pro se
                   2 Christina Lane
                   Middle Island, N.Y. 11953

For Defendants:    No appearances.

SEYBERT, District Judge:

On August 20, 2008, Plaintiff, pro se, filed an employment discrimination Complaint in 08-CV-3403 ("3403 Complaint"). On September 15, 2009, the Court partially dismissed that Complaint. On April 30, 2010, Plaintiff commenced this action, which raises largely similar claims but includes factual allegations post-dating Plaintiff's 3403 Complaint.

Consistent with this Court's prior Order partially dismissing the 3403 Complaint, the Court sua sponte dismisses: (1) Defendant Brookhaven National Laboratory ("BNL") in its entirety; (2) the Title VII claims, insofar as Plaintiff asserts these claims against the Individual Defendants; (3) the NYSHRL claim (Count VI); and (4) the Constitutional claims, insofar as Plaintiff asserts

these claims against Defendants other than Mr. Holland.  See Hooda v. Brookhaven Nat. Lab., 659 F. Supp. 2d 382 (E.D.N.Y. 2009) (BNL is not a legal entity subject to suit; Title VII does not impose individual liability; BNL is a "federal enclave" not subject to the NYSHRL; the Constitution constrains only state actors).  In pleading these claims, Plaintiff apparently ignored the Court's previous Order finding such claims to be non-tenable.  While the Court grants certain leniencies to pro se litigants, the Court cautions Plaintiff that its patience has a limit.  Further disregard for the Court's previous Orders may result in sanctions.

The Court also sua sponte dismisses Plaintiff's Eighth and Ninth Counts.  Plaintiff's Eighth Count, a violation of Executive Order 11246, fails because President Johnson's executive order does not confer a private right of action.  See Morris v. Amalgamated Lithographers of America, Local One, 994 F. Supp. 161, 172 (S.D.N.Y. 1998).  And Plaintiff's Ninth Count, ADEA age discrimination, fails because Plaintiff's Complaint does not provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Indeed, Plaintiff does not plead a single factual allegation concerning how he supposedly suffered discrimination based on age.  Plaintiff may, however, amend his Complaint to properly plead such a cause of action.  Finally, to the extent Plaintiff's Title VII and § 1981 claims purport to assert age discrimination claims, those causes of

action are dismissed.  Title VII and § 1981 do not cover age discrimination.  42 U.S.C. §§ 1981, 2000e-2(a).

In <u>sua</u> <u>sponte</u> dismissing only Counts VI, VIII, and IX, and portions of several other counts, the Court does not imply that Plaintiff's other claims are well-pled.  Defendants remain free to move to dismiss, and the Court will afford any such motion the same consideration that it devotes to any dispositive motion.

Finally, given the similarities between this Complaint and the 3403 Action, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be consolidated, in its entirety, with the earlier-filed 3403 Action.  Plaintiff must respond to this Order to Show Cause by June 10, 2010.  Defendants' opinions on the matter, if any, should be submitted by June 17 2010.

SO ORDERED.

<u>/s/ JOANNA SEYBERT    </u>
Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
          May 19, 2010